State v. Hopkins.

recognizance was taken against him. Subsequently, during the same term, the respondent, Hopkins, appeared and moved the court to set aside the judgment of forfeiture and quash the recognizance, because by its terms Todd was bound to appear on the third Monday after the fourth Monday, instead of the fourth Monday in September, and the recognizance was therefore void. The time of holding the court, as fixed by law, was the fourth Monday. The motion was sustained and the State brings the case here by appeal.

It has been decided by this court that the validity of a recognizance can not be tested by a motion to quash; it can be tried only upon a *scire facias*. (State v. Davidson, 20 Mo. 408.) The recognizance is an obligation of record; and before the State commences proceedings to recover the penalty, causing a writ of *scire facias* to issue, (which of course can only be done after forfeiture, as no right of action accrues before,) there is no suit or matter of controversy over which jurisdiction could be exercised.

Whether the recognizance is invalid or not, we express no opinion, as that question is not properly before us.

Judgment reversed and the cause remanded; the other judges concuring.

---

THE STATE, Appellant, v. HOPKINS, Respondent.

1. State v. Hopkins, ante, p. 404, affirmed.

*Knott*, (attorney general,) for the State.

*Wingo*, for respondent.

EWING, Judge, delivered the opinion of the court.

This case is like another of the same title, decided at this term, and for the reasons there given the judgment is reversed and the cause remanded; the other judges concurring.